# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICK A. HOLTZ,

        Petitioner,

v.                                                                                                          Case No. 06-CV-485

PHIL KINGSTON,

        Respondent.

## ORDER

On April 12, 2006, Rick Holtz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction of second-degree sexual assault of a child under age sixteen, as a repeat offender. Holtz also filed a motion to proceed in forma pauperis, even though he already paid the $5 filing fee. The court will review Holtz's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases.

The court begins its review of Holtz's petition by noting that this is Holtz's second federal habeas petition. On February 15, 2006, Holtz filed a petition for a writ of habeas corpus which the court dismissed in an order dated March 21, 2006, because it contained an unexhausted claim. *Holtz v. Kingston*, Case No. 06-CV-186 (E.D. Wis. March 21, 2006).

Title 28 U.S.C. § 2244(b)(3)(A) requires a petitioner to get permission from the court of appeals before filing a second or successive habeas petition in the district court. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). However, the

Supreme Court held that, where a habeas petition is dismissed for purely procedural reasons without substantive district court review, a subsequent petition is not a second or successive one within the meaning of § 2244(b). *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (Court permitted a claim previously raised in a petition and dismissed as premature, but which was now ripe, to be raised in a renewed petition).

Given that Holtz's first petition was not adjudicated on its merits and was dismissed for presenting an unexhausted claim, the court concludes that this petition does not constitute a second or successive petition within the meaning of § 2244(b). As such, the court will proceed with its review of Holtz's federal habeas petition.

The court continues its review by examining Holtz's petition to determine whether he has exhausted his state court remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss

the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim ,or amending the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears from the face of Holtz's federal habeas petition that he has not exhausted his state court remedies. Holtz lists four grounds for relief in his petition, however each ground is exactly the same: "Ineffective Appellant [sic] Counsel." The court informed Holtz in dismissing his prior federal habeas petition that this was an unexhausted claim. Holtz's new federal habeas petition indicates that he still has not presented his claim of ineffective assistance of appellate counsel to the state courts. As such, the claim remains unexhausted and requires the dismissal of his petition. *See Rose*, 455 U.S. at 510.

It appears that Holtz may yet pursue a claim of ineffective assistance of appellate counsel through the Wisconsin's post-conviction relief statute. *See* Wis. Stat. § 974.06(1); *see also State ex rel. Rothering v. McCaughtry*, 556 N.W.2d 136, 139 (Wis. Ct. App. 1996) (describing procedure for challenging the effectiveness of post-conviction counsel).

Additionally, the court notes that Holtz faces no immediate statute of limitations deadlines. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

The one-year limitation is tolled pursuant to the provisions in 28 U.S.C. §§ 2244(d)(1)(B)-(D). *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). The one-year limitation period may be equitably tolled if a state prisoner encounters some impediment other than those covered in Sections 2244(d)(1)(B)-(D) and (2) which prevents the filing of the federal habeas petition. *Taliani*, 189 F.3d at 598; *see also Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001).

Here, Holtz's judgment became final on October 26, 2005, 90 days after the Wisconsin Supreme Court denied his petition for review. The one-year statute of limitations began to run on October 27, 2005, and has continued to run while the habeas petition has been pending in this court. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (holding that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition).

Holtz has enough time to exhaust his remedies in state court and re-file his habeas petition in federal court before the one-year statute of limitations runs,

especially considering that the time that Holtz spends exhausting his claims in state court does not count toward the period of limitation.  28 U.S.C. § 2244(d)(2). Because Holtz has sufficient time to file a post-conviction motion in state court and file a new habeas petition in federal court after he exhausts his appeals in state court, the court will dismiss this petition rather than stay it.  *See Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000) (noting that district courts have discretion to stay a habeas corpus action while the prisoner exhausts state court remedies if dismissal could jeopardize the timeliness of a collateral attack).

Accordingly,

**IT IS ORDERED** that Holtz's petition for a writ of habeas corpus be and the same is hereby **DISMISSED** without prejudice so that Holtz may present his unexhausted claim of ineffective assistance of appellate counsel to the state courts;

**IT IS FURTHER ORDERED** that Holtz's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED** as moot; Holtz has already paid the $5 filing fee.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge